IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELAINE G. FARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  2:05cv650-WHA |
| vs. | ) | |
| | ) | (WO) |
| THE UNITED STATES OF AMERICA | ) | |
| and SHIRLEY M. LEDFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court for a determination of whether this court has subject matter jurisdiction.

Fred H. Farner was a veteran of the United States Armed Forces who owned a National Service Life Insurance policy ("the policy") administered by the United States Department of Veteran Affairs ("V.A."). On July 31, 1985, Farner designated his wife, Elaine Farner, ("Plaintiff") as a 100% beneficiary of the policy. Plaintiff and Farner were divorced in 1997. On May 24, 2003, Farner designated Shirley M. Ledford ("Defendant") as the sole beneficiary of the policy, and three weeks later, on June 13, 2003, Farner died.

On July 2, 2003, Plaintiff contacted the V.A. in an attempt to collect the proceeds of the policy, and was informed that Defendant had been named as the sole beneficiary. That day Plaintiff filed a "contest of benefits" with the V.A. arguing that Farner lacked the testamentary capacity required to name Defendant sole beneficiary of the policy and that Plaintiff was the rightful beneficiary. On March 1, 2005,  Plaintiff received a letter from the V.A. disallowing her

claim and giving her 60 days to initiate an appeal to the Board of Veterans' Appeals.  On April

26, 2005,  Plaintiff sent a letter noting her disagreement with that decision and her desire to

initiate an appeal.  Later, on July 14, 2005, while the appeal was pending, Plaintiff filed the

complaint currently pending before this court.  The court raised the issue as to whether

jurisdiction existed, since an administrative appeal was pending at the time suit was filed.

Thereafter, Plaintiff notified the V.A. that she was withdrawing her earlier request to appeal to

the Board of Veterans' Appeals.

Defendant now argues that the case should be dismissed because the court did not have

jurisdiction at the time the complaint was filed.  In the alternative, Defendant argues that, even if

the court has jurisdiction, the Motion to Dismiss should be granted and the case dismissed

because the complaint was not timely filed.

For reasons to be discussed, the court finds that it lacks jurisdiction.

## II.  <u>JURISDICTION STANDARD</u>

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>

<u>of America</u>, 511 U.S. 375 (1994); <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (1994);

<u>Wymbs v. Republican State Executive Committee</u>, 719 F.2d 1072, 1076 (11th Cir. 1983), <u>cert.</u>

<u>denied</u>, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that

they have been authorized to hear by the Constitution or the Congress of the United States.  <u>See</u>

<u>Kokkonen</u>, 511 U.S. at 377.   "[B]ecause the Constitution unambiguously confers this

jurisdictional power to the sound discretion of Congress, federal courts should proceed with

caution in construing constitutional and statutory provisions dealing with [their] jurisdiction."

<u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting <u>University of South</u>

<u>Alabama v. American Tobacco Co.</u>, 165 F. 3d 405, 409 (11th Cir. 1999)).    "Accordingly,

'[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the

fundamental constitutional precept of limited federal power.'" <u>University of South Alabama</u>, 165

F. 3d at 409 (quoting <u>Marathon Oil v. Ruhrgas</u>, 145 F. 3d 211, 215 (5th Cir. 1998)).

## III.  <u>DISCUSSION</u>

Plaintiff asserts that this court has jurisdiction in this case pursuant to 38 U.S.C. § 1984.

That statute provides in pertinent part as follows:

> (a) In the event of disagreement as to claim...between the Secretary and any
> person or persons claiming thereunder an action on the claim may be brought
> against the United States either in the United States District Court for the District
> of Columbia or in the district court of the United States in and for the district in
> which such person or any one of them resides, and jurisdiction is conferred upon
> such courts to hear and determine all such controversies.
>
> ...
>
> (b) No suit on yearly renewable term insurance, United States Government life
> insurance, or National Service Life Insurance shall be allowed under this section
> unless the same shall have been brought within six years after the right accrued
> for which the claim is made. For the purposes of this section it shall be deemed
> that the right accrued on the happening of the contingency on which the claim is
> founded. The limitation of six years is suspended for the period elapsing between
> the filing with the Secretary of the claim sued upon and the denial of the claim.
> However, if a claim is timely filed the claimant shall have not less than ninety
> days from the date of mailing of notice of denial within which to file suit.
>
> ...
>
> (h) The term "claim" as used in this section means any writing which uses words
> showing an intention to claim insurance benefits; and the term "disagreement"
> means a denial of the claim, after consideration on its merits, by the Secretary or
> any employee or organizational unit of the Department heretofore or hereafter
> designated therefor by the Secretary.

38 U.S.C. § 1984 (a), (b) & (h).

Defendant argues that when Plaintiff's claim was disallowed by the V.A. she could either file an administrative appeal with the V.A., or file a complaint in federal court, as per 38 U.S.C. § 1984,[1] but could not do both.  When Plaintiff filed her complaint in July 2005, she did so while her appeal to the Board of Veterans' Appeals was pending.

"The question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed."  Bagget v. First Nat. Bank of Gainesville, 117 F. 3d 1342, 1352 (11th Cir. 1997) (citing In re Carter, 618 F. 2d 1093 (5th Cir. 1980)). .  Defendant's position is that because the case was pending on appeal at the V.A. when the complaint was filed, this court did not have jurisdiction.  To support her argument, Defendant cites the case of Hansen v. United States, 67 F. 2d 613 (7th Cir. 1933), involving a claim for benefits under a war risk certification which was disallowed by the Veteran's Bureau,  the precursor to the V.A.  In that case, after the claim was denied and the claimant filed an administrative appeal, and while that appeal was pending, the claimant filed a complaint in federal district court, citing 38 U.S.C. § 445[2] to justify jurisdiction.

---

[1]The court notes that Defendant does not take the position that Plaintiff was obligated to file an appeal with the V.A., nor does the statute itself indicate that an appeal to the agency is mandatory.  There is also no evidence before the court which would indicate that the V.A. has promulgated regulations which would make it mandatory for a claimant to first file an administrative appeal before filing a complaint in federal court.  Finally, the V.A. itself recognizes that once the claim is disallowed, the claimant has the option of appealing administratively or going to federal court.  See Letter to Plaintiff Disallowing Claim, Pl's Ex. A ("If you do not initiate an appeal, or write to us within 60 days that you intend to file suit, payment will be made to [Defendant] without further notice to you.").

[2]38 U.S.C. § 445 was later changed to 38 U.S.C. § 1984.  It can be misleading to cite cases involving § 445, because that section was amended several times and was decidedly different at times from § 1984, particularly in regard to the time limit for filing suit now found in § 1984(b).  The provisions of § 445 evaluated by the Seventh Circuit in 1933, however, requiring a disagreement with the bureau before filing suit, is essentially the same as that now in § 1984(a) requiring "disagreement" with the Secretary.  Also, at that time, as now, an administrative appeal was authorized, but not required.

The Seventh Circuit held that the district court did not have jurisdiction because until the appeal was actually heard, there was no "disagreement" required by the statute.  Id. at 614 ("'It would seem to me that a fair construction of the word 'disagreement' contemplated final termination of the action by the claimant before the bureau.'").  It makes sense that in this case, while the appeal was pending there was always a chance that the Appeals Board could have sided with Plaintiff, thus eliminating the "disagreement" required to trigger jurisdiction in this court.  The court has been cited to no authority, and has found none, that would give the court jurisdiction in a case such as this when the plaintiff's administrative appeal was still pending.  Neither has the court found any authority that would authorize the assumption of jurisdiction when the appeal was withdrawn, but only after suit was filed.  While the Plaintiff's withdrawal of her appeal would not be a new "disagreement," but would effectively reinstate the original denial of the claim as the trigger authoring the filing of suit, jurisdiction must be determined at the time suit was filed.  Because the appeal was pending on July 14, 2005, when Plaintiff filed her complaint, this court did not have jurisdiction over the matter subject to 38 U.S.C. § 1984.[3]

## IV.  CONCLUSION

For the reasons discussed above, the court concludes that it is without jurisdiction over this case, and that the case, therefore, is due to be DISMISSED for lack of jurisdiction. Dismissal will be without prejudice to the right to file a new suit within the time allowed by 28 U.S.C. § 1984(b).

---

[3]Since there is no jurisdiction, the court does not reach the issue of whether the suit was timely filed.  This issue may be addressed if and when a new suit is filed.

5

Done this 31st day of March, 2006.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE